UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

TARA BOYLE,

     Plaintiff,

v.              Case No: 6:21-cv-1865-LHP

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant

_____

## MEMORANDUM OF DECISION[1]

  Tara Boyle ("Claimant") appeals the final decision of the Commissioner of Social Security (the "Commissioner") denying her application for disability insurance benefits.   Doc. No. 1.   Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed and remanded for further administrative proceedings.   Doc. Nos. 20, 22.   The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that the final decision of the Commissioner should be affirmed.   Doc. No. 21.   For the reasons stated herein, the

---

[1] The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge.   *See* Doc. Nos. 14, 18–19.

Commissioner's final decision is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

## I.    PROCEDURAL HISTORY.

On August 13, 2019,[2] Claimant filed an application for disability insurance benefits, alleging a disability onset date of May 31, 2019.   R. 10, 98, 206–07. Claimant's application was denied initially and again upon reconsideration, and she requested a hearing before an ALJ.   R. 140–42, 149–61, 164–65.   A hearing was held before the ALJ on December 10, 2020.   R. 63–97.   Claimant, who was represented by counsel at the hearing, and a vocational expert ("VE") testified at the hearing.   *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.   R. 10–27.   Claimant sought review of the ALJ's decision by the Appeals Council.   R. 204–05, 417–20.   On September 8, 2021, the Appeals Council denied the request for review.   R. 1–6.   Claimant now seeks review of the final decision of the Commissioner by this Court.   Doc. No. 1.

---

[2] The "Application Summary for Disability Insurance Benefits" states that Claimant applied for benefits on August 16, 2019, but according to the ALJ's decision and a "Disability Determination and Transmittal," Claimant filed the application on August 13, 2019.   *Compare* R. 10, 98, *with* R. 206.   For consistency, and because the application date is not dispositive of this appeal (as under either date the same set of regulations apply), the Court utilizes the application date stated by the ALJ:   August 13, 2019.

## II.    THE ALJ'S DECISION.[3]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. § 404.1520(a).    R. 10–27.[4]    The ALJ first found that Claimant meets the insured status requirements of the Social Security Act through December 31, 2024.    R. 12.    The ALJ also concluded that Claimant had not engaged in substantial gainful activity since May 31, 2019, the alleged disability onset date.    *Id.*    The ALJ found that Claimant suffered from the following severe impairments:    lumbar and cervical degenerative disc disease, fibromyalgia, headaches, depression, anxiety disorder, and ADHD.    R. 12–13.[5]

---

[3] Upon a review of the record, counsel for the parties have adequately stated the pertinent facts of record.    Doc. Nos. 20–22.    Accordingly, the Court adopts those facts as stated by the parties by reference without restating them in entirety herein.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled.    *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).    "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled:    (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."    *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

[5] The ALJ also concluded that Claimant's conditions of hypothyroidism, obesity, and seizures were not severe impairments.    R. 13.

But the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.   R. 13–15.

Based on a review of the record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform less than a full range of sedentary work,[6] except:

> occasionally stoop, kneel, crouch or crawl; can never climb ladders, ropes or scaffolds; occasionally climb ramps and stairs; should avoid exposure to hazards such as height and machinery moving parts; can frequently reach including overhead with the upper extremities; no production pace work; only occasional changes in a routine work setting.

R. 15.

After considering the record evidence, Claimant's RFC, and the testimony of the VE, the ALJ found that Claimant was unable to perform any past relevant work, which included work as a maintenance scheduler or administrative clerk.   R. 25–

---

[6] The social security regulations define sedentary work to include:

> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools.   Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.   Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).   "Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours in an 8-hour workday."   SSR 83-10, 1983 WL 31251, at *5 (1983).

26.   However, considering Claimant's age (younger individual), education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, representative occupations to include document preparer, call out operator, or charge account clerk.   R. 26–27.   Based on the foregoing, the ALJ concluded that Claimant was not under a disability from her alleged disability onset date through the date of the decision.   R. 27.

## III.   STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3).   The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence.   *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).   The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion."   *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining

whether the decision is supported by substantial evidence.   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).   The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence.   *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.   ANALYSIS.

In her opening brief, Claimant raises two issues: (1) the reasons given by the ALJ for finding the opinions of Claimant's treating psychiatrist, Dr. Scott Farmer, unpersuasive were not supported by substantial evidence; and (2) the ALJ erred in failing to adequately evaluate the opinions of treating physician Dr. Pedro Oliveros, a physical medicine and rehabilitation specialist.   Doc. No. 20.   The Court finds the first assignment of error dispositive of this appeal.

### A.   Applicable Law.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004).   The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."   *Lewis*, 125 F.3d at 1440.   In determining a claimant's RFC, the ALJ must consider all relevant evidence,

including the opinions of medical and non-medical sources.    20 C.F.R. §
404.1545(a)(3).

Claimant filed her application for disability insurance benefits on August 13,
2019.    R. 10, 98, 206–07.    Effective March 27, 2017, the Social Security
Administration implemented new regulations related to the evaluation of medical
opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative
> medical findings.   We will not defer or give any specific evidentiary
> weight, including controlling weight, to any medical opinion(s) or
> prior administrative medical finding(s), including those from your
> medical sources.   When a medical source provides one or more
> medical opinions or prior administrative medical findings, we will
> consider those medical opinions or prior administrative medical
> findings from that medical source together using the factors listed in
> paragraphs (c)(1) through (c)(5) of this section, as appropriate.[7]   The
> most important factors we consider when we evaluate the
> persuasiveness of medical opinions and prior administrative medical
> findings are supportability (paragraph (c)(1) of this section) and
> consistency (paragraph (c)(2) of this section).   We will articulate how
> we considered the medical opinions and prior administrative medical
> findings in your claim according to paragraph (b) of this section.

20 C.F.R. § 404.1520c(a).   The regulations further state that because supportability
and consistency are the most important factors under consideration, the

---

[7] Subparagraph (c) provides that the factors to be considered include:   (1)
supportability; (2) consistency; (3) relationship with the claimant (which includes
consideration of the length of treatment relationship; frequency of examination; purpose
of treatment relationship; extent of treatment relationship; and examining relationship); (4)
specialization; and (5) other factors that tend to support or contradict a medical opinion or
prior administrative medical finding.   20 C.F.R. § 404.1520c(c).

Commissioner "will explain how [she] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the] determination or decision."   *Id.* § 404.1520c(b)(2). "Supportability relates to the extent to which a medical source has articulated support for the medical source's own opinion, while consistency relates to the relationship between a medical source's opinion and other evidence within the record."   *Welch v. Comm'r of Soc. Sec.*, No. 6:20-cv-1256-DCI, 2021 WL 5163228, at *2 (M.D. Fla. Nov. 5, 2021) (footnote omitted) (citing 20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2)).

Pursuant to the new regulations, the Commissioner is not required to articulate how she "considered each medical opinion or prior administrative medical finding from one medical source individually."   20 C.F.R. § 404.1520c(b)(1).   "Courts have found that '[o]ther than articulating [her] consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how [she] considered any other factor in determining persuasiveness.'"   *Bell v. Comm'r of Soc. Sec.*, No. 6:20-cv-1923-DCI, 2021 WL 5163222, at *2 (M.D. Fla. Nov. 5, 2021) (quoting *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019)). *See also Delaney v. Comm'r of Soc. Sec.*, No. 6:20-cv-2398-DCI, 2022 WL 61178, at *2

(M.D. Fla. Jan. 6, 2022) (noting that the ALJ may, but is not required to, explain how he or she considered the remaining factors besides supportability and consistency).

      B.    <u>Dr. Farmer</u>.

Dr. Farmer is Claimant's treating psychiatrist, who treated Claimant on a monthly to quarterly basis from 2013 to 2020.  *See* R. 695.  *See also* R. 542–70.  On June 22, 2020, Dr. Farmer completed a Mental Impairment Questionnaire on Claimant's behalf.  R. 695–99.  On that Questionnaire, Dr. Farmer noted that Claimant suffers from major depressive disorder; panic disorder; generalized anxiety disorder; and ADHD.  R. 695.  Dr. Farmer further noted that Claimant suffers from, among other things: abnormal affect; feelings of guilt or worthlessness; hostility/irritability; despair; hopelessness; confusion; difficulty estimating elapsed time; difficulty thinking/concentrating; easy distractibility; poor memory; intrusive recollections of a traumatic experience; anxiety; panic attacks; vigilance and scanning; anhedonia; appetite disturbances; changes in personality; decreased energy; maladaptive patterns of behavior; motor tension; psychomotor retardation; slowed speech; social withdrawal; disorientation as to time and/or place; and sleep disturbances.  R. 696.

Dr. Farmer opined that Claimant suffers moderate limitations in her ability to understand and remember one-to-two step instructions.  R. 698.  Dr. Farmer further opined that Claimant suffers moderate to marked limitations in her ability

carry out simple, one-to-two step instructions; interact appropriately with the public; and ask simple questions or request assistance.   *Id.*   And Dr. Farmer opined that Claimant suffers from marked limitations in her ability to understand, remember, and carry out detailed instructions; maintain attention and concentration for extended periods; perform activities within a schedule; sustain ordinary routine without supervision; work in coordination with others; make simple work-related decisions; complete a workday without interruption from psychological symptoms; perform at a consistent pace without unreasonable periods of rest; accept instructions and respond appropriately to criticism; get along with coworkers or peers; maintain socially appropriate behavior; respond appropriately to workplace changes; be aware of hazards and take appropriate precautions; travel to unfamiliar places/use public transportation; set realistic goals; and make plans independently.   *Id.*   Dr. Farmer estimated that Claimant would be absent from work more than three times per month.   R. 699.

In the decision, the ALJ recites the contents of Claimant's medical records, including treatment records from Dr. Farmer.   R. 17–23.   And the ALJ stated that there were no treatment records from Dr. Farmer from September 25, 2019 through the date of the decision.   R. 21.   As far as mental health records after the alleged onset date (May 31, 2019), the ALJ summarized:

> The record contained two progress notes from the alleged onset date to the present.   The mental status examinations during those two

visits showed her appearance was appropriate.   Speech was coherent.
Mood was anxious and sad.   Affect was restricted.   She denied
suicidal or homicidal ideation.   Thought process was intact.   She was
alert and oriented times three.   Memory was good.   Insight was
good.   (Exhibit 9F/2-3).   Psychiatric exam by her new pain
management physician, Dr. Johnson noted she was anxious, agitated,
and had abnormal affect but she was active and alert.   She was noted
to be more stable at this visit.   She was oriented times three and recent
memory was normal.   (Exhibit 24F/18-25).

R. 23.   As it relates to Dr. Farmer's opinions set forth in the Mental Impairment

Questionnaire, the ALJ stated, *in toto*:

> Scott D. Farmer, M.D. completed a Mental Impairment Questionnaire
> on June 22, 2020.   Dr. Farmer indicated that he first treated the
> claimant on September 26, 2013.   The claimant was seen on a monthly
> or quarterly basis.   The most recent exam was on June 11, 2020.   The
> claimant's diagnoses were major depressive disorder, recurrent,
> severe; panic disorder and generalized anxiety disorder.   The
> claimant's medications included Effexor, Trazodone, Xanax and
> Adderall XR.   She had required no hospitalization or inpatient
> treatment for these conditions.
>
> Her signs and symptoms included blunt, constricted, irritable and
> labile mood; despair and hopelessness; confusion; difficulty thinking
> or concentrating, easy distractibility, poor immediate and recent
> memory; generalized or persistent anxiety, recurrent panic attacks
> vigilance and scanning, anhedonia, decreased energy, social
> withdrawal.
>
> Other signs and symptoms included depressive psychomotor
> retardation, adult ADHD self reported.   Dr. Farmer opined that the
> claimant had marked limitations in understanding and memory,
> concentration and persistence, social interaction and adaptation.   She
> would likely be absent from work more than three times per month as
> a result of her impairments.   (Exhibit 16F).   This opinion was not
> persuasive, as it was not consistent or supported by the record.
>
> The last record from Dr. Farmer is from September 2019.   His

> treatment notes did not mention any of the symptoms mentioned in this questionnaire to support marked limitations.   The mental status exam showed her appearance and attitude were appropriate.   Speech was coherent.   Mood was anxious and sad.   Affect was restricted.   Thought process was intact.   She was alert and oriented times three.   Memory was good and insight was good.   (Exhibit 9F/2).

R. 25.

So, in sum, the ALJ stated that Dr. Farmer's opinions were not consistent with or supported by the record because the last treatment note from Dr. Farmer from September 2019 did not mention symptoms reflected in the Questionnaire to support Dr. Farmer's opined limitations.   *See id.*

Claimant argues that the ALJ failed to comply with the social security regulations and adequately consider Dr. Farmer's opinions.   Doc. No. 20, at 3–7. Claimant argues that the ALJ cherry-picked findings from Dr. Farmer's September 2019 treatment note, in that Dr. Farmer overlook other parts of the September 2019 note regarding Claimant's anxious and sad mood; frequent nocturnal awakening/difficulty going to sleep; and frustration.   *Id.* at 5.   Claimant also argues that the ALJ did not consider other mental health status findings in the record that were consistent with Dr. Farmer's opinions in the Questionnaire, including records from Claimant's primary care provider, Dr. Joseph Johnson, showing that Claimant was anxious and agitated, with abnormal affect.   *Id.* at 6 (citing R. 823 (10/28/2020 record from Dr. Johnson), R. 831 (11/24/2020 record from Dr. Johnson)).   Finally, Claimant argues that the ALJ erred in focusing

exclusively on objective mental status examination findings, as the record otherwise demonstrates that Claimant was limited in her daily life by depression and anxiety. *Id.* at 6–7.

Upon review, the Court agrees that the ALJ provided an insufficient rationale for finding Dr. Farmer's opinions unpersuasive.   As discussed above, the ALJ must address the consistency and supportability of medical opinions.   *See* 20 C.F.R. § 404.1520c(b)(2).   As to supportability, the only explanation provided by the ALJ included that Dr. Farmer's most recent treatment record did not reflect the limitations to which Dr. Farmer opined.   *See* R. 25.   Yet even assuming this citation to one medical record was sufficient to satisfy the ALJ's obligation to consider whether Dr. Farmer's opinions were adequately supported (*i.e.*, the supportability factor), the ALJ did not sufficiently address whether Dr. Farmer's opinions were consistent with the other evidence and medical opinions of record (*i.e.*, the consistency factor).   Indeed, besides the conclusory assertion that Dr. Farmer's opinions were inconsistent with the record, the ALJ does not explain how Dr. Farmer's opinions are inconsistent with the remainder of the record, or cite any factual support.   *See* R. 25.   So, absent an explanation from the ALJ as to how Dr. Farmer's opinions in the Questionnaire are inconsistent with the other evidence of record, the Court cannot find the ALJ's decision supported by substantial evidence. *See Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at

*4 (M.D. Fla. Apr. 8, 2020), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020) ("[C]onclusory statements by the ALJ that an examining physician's opinion is inconsistent with the medical record 'are insufficient to show an ALJ's decision is supported by substantial evidence unless the ALJ articulates factual support for such a conclusion.'   Otherwise, the Court is left to guess at which particular records the ALJ asserts support the ALJ's decision and, in doing so, impermissibly reweigh the evidence." (quoting *Bell v. Colvin*, No. 3:15-CV-743-GMB, 2016 WL 6609187, at *4 (M.D. Ala. Nov. 7, 2016))); *Christine H. v. Comm'r, Soc. Sec. Admin.*, No. 2:20-CV-00165-JCF, 2021 WL 9666853, at *5 (N.D. Ga. Aug. 25, 2021) (reversing where the ALJ did not explain how the medical opinions were inconsistent with the medical evidence summarized in the record (citing, *inter alia*, *Michael v. Saul*, No. 2:20cv238, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021) (explaining that "the ALJ cannot merely summarize the evidence, as a whole, and then conclude that [a doctor's] opinions are not consistent with the evidence as a whole"))).

The Commissioner's arguments to the contrary are unpersuasive.   First, the Commissioner argues that the ALJ's analysis was sufficient to comply with the regulations, in that the ALJ's discussion of the medical findings of other doctors do not support Dr. Farmer's opined limitations.   Doc. No. 21, at 8–9.   The problem for the Commissioner, however, is that, besides Dr. Farmer's September 2019 treatment

note, the ALJ does not cite any other findings in the record to support the statement that Dr. Farmer's opinions in the Questionnaire were inconsistent with the record. *See* R. 25.   So, the Court cannot accept the Commissioner's post hoc rationalization for the ALJ's conclusions.   *See Watkins v. Comm'r of Soc. Sec.*, 457 F. App'x 868, 872 (11th Cir. 2012) (per curiam) ("[The Court] cannot affirm based on a post hoc rationale that 'might have supported the ALJ's conclusion.'" (quoting *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984))).[8]   *See also Pierson*, 2020 WL 1957597, at *6, *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020) (declining to rely on the Commissioner's post hoc arguments regarding the supportability/consistency factors).

Second, the Commissioner argues that the opinions of the state agency psychological consultants also support the ALJ's finding that Dr. Farmer's opinions were not persuasive.   Doc. No. 21, at 9.   But as Claimant points out, *see* Doc. No. 22, at 5, and the Commissioner apparently concedes, *see* Doc. No. 21, at 9, the ALJ found the opinions of the state agency psychological consultants unpersuasive. *See* R. 24–25.   Nor did the ALJ rely on the opinions of the state agency psychological consultants in determining that Dr. Farmer's opinions were unpersuasive.   *See* R. 25.   So, the Commissioner's reliance on these opinions as a post hoc rationalization

---

[8] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority. *See* 11th Cir. R. 36–2.

to support the ALJ's findings is likewise unpersuasive.   *See Watkins*, 457 F. App'x at 872 (quoting *Owens*, 748 F.2d at 1516).   *See also Pierson*, 2020 WL 1957597, at *6, *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020).

Finally, the Commissioner argues that Claimant is asking the Court to reweigh the evidence.   Doc. No. 21, at 10.   Although Claimant cites to examples of record evidence that could be deemed consistent with Dr. Farmer's opinions, *see* Doc. No. 20, at 6 (citing R. 823, R. 831), *see also* Doc. No. 22, at 3–4, the issue is that the ALJ did not explain how Dr. Farmer's opinions were inconsistent with the medical evidence of record.   *See* R. 25.   At this point, the Court is not reweighing the evidence, but merely stating that the ALJ provided an insufficient rationale for his conclusions.   *See* 20 C.F.R. § 404.1520c(b)(2).

Accordingly, because the Court finds the ALJ's consideration of the consistency factor as it relates to Dr. Farmer's opinions insufficient, the Court is constrained to reverse.   *See id.* (obligating the Commissioner to "explain how [she] considered the supportability and consistency factors for a medical source's medical opinions . . . in [the] decision").   *See also Mercado v. Comm'r of Soc. Sec.*, No. 6:22-cv-287-DCI, 2023 WL 145154, at *5 (M.D. Fla. Jan. 10, 2023*)* ("[T]he Court finds that the mere reference to the 'overall medical record' does not sufficiently articulate how the consistency factor was considered and, therefore, remand of this matter is appropriate."); *Ferrer v. Comm'r of Soc. Sec.*, No. 20-cv-1465-RBD-LHP, Doc. No. 29

(M.D. Fla. Nov. 24, 2021), *report and recommendation adopted*, Doc. No. 30 (M.D. Fla. Dec. 13, 2021) (finding reversible error where the ALJ failed to adequately consider the consistency factor under the new SSA regulations); *Pierson*, 2020 WL 1957597, at *4, *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020) (finding reversible error where the ALJ failed to adequately consider both the consistency and supportability factors under the new SSA regulations).

Because this issue requires remand, the Court declines to address Claimant's remaining assignments of error, given that the ALJ will have to reweigh the evidence on remand and may reconsider the issues raised by Claimant. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).

## V.     CONCLUSION.

Based on the foregoing, it is **ORDERED** that:

1.     The final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

2.     The Clerk of Court is **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on March 6, 2023.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties